# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BEAU B. DURIO,<br>            Appellant, | DOCKET NUMBER<br>CH-3443-15-0224-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>            Agency. | DATE: September 21, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Beau B. Durio, O'Fallon, Illinois, pro se.

Jeff Keys, St. Louis, Missouri, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant, a GS-06 Police Officer, filed an appeal challenging his nonselection for a promotion to a GS-08 lieutenant position. Initial Appeal File (IAF), Tab 1. He indicated on the appeal form that he is entitled to veterans' preference. *Id*. The administrative judge advised the appellant that the Board generally does not have jurisdiction over nonselections but that he may have raised a claim within the Board's jurisdiction under the Veterans Employment Opportunities Act (VEOA). IAF, Tab 4. The administrative judge set out the jurisdictional requirements for a VEOA appeal and directed the appellant to provide evidence and argument on the issue. *Id*. The appellant did not respond.

¶3    On March 5, 2015, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction based on the written record. IAF, Tab 5, Initial Decision. In finding that the appellant had not established jurisdiction under VEOA, the administrative judge noted that the appellant had not alleged or shown that he exhausted his remedy with the Department of Labor (DOL). ID at 6. The administrative judge advised the appellant that the initial decision would become final on April 9, 2015, unless a petition for review was filed by that date. ID at 7. The appellant filed a petition for review on April 24, 2015. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(d). Here, the appellant has not alleged or established that he received the initial decision more than 5 days after the date of issuance. PFR File, Tab 1. Thus, the appellant's petition for review, which was filed 50 days after the issuance of the March 5, 2015 initial decision, was untimely filed by 15 days.

¶5        The Board will excuse the late filing of a petition for review on a showing of good cause for the delay. 5 C.F.R. § 1201.114(f). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd sub nom. Moorman v. Merit Systems Protection Board*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        The appellant's 15-day delay in filing is not minimal. *See Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 7 (2003) (a 13-day delay in filing is not minimal). In the online interview accompanying his petition for review, the appellant explains that he was unable to timely file his petition because he was working 12-hour shifts as a supervisor and changing residences on account of a custody battle. PFR File, Tab 1. However, the appellant's personal difficulties are insufficient to establish good cause for the delay in filing. *See Stewart v. Department of the Navy*, 93 M.S.P.R. 147, ¶¶ 4-5 (2002) (finding that appellant did not establish good cause for untimely filing based on allegation that she had left her belongings in storage while searching for a new job and residence); *Smith v. Department of Agriculture*, 61 M.S.P.R. 309, 312 (1994) (finding that the fact that appellant may have been working long hours did not establish good cause for 1-day filing delay). The appellant further states that it was unclear to him how to file, but, while we are mindful of his pro se status, the instructions provided in the initial decision were clear and unambiguous. *See Smith v. U.S. Postal Service*, 106 M.S.P.R. 405, ¶ 8 (2007),

*aff'd sub nom. Smith v. Merit Systems Protection Board*, 277 F. App'x 1017 (Fed. Cir. 2008).  The appellant also states that he submitted an inquiry through the DOL website as soon he received the jurisdictional order requesting proof of DOL exhaustion, but has not yet received any response.  However, the fact that the appellant may have been awaiting evidence of jurisdiction from another agency does not constitute good cause for the untimely filing of his petition.  *See Zamot v. Merit Systems Protection Board*, 332 F.3d 1374, 1377 (Fed. Cir. 2003) ("The difficulty in obtaining evidence from the Navy [relating to the appellant's preference-eligible status] may have been a circumstance out of [his] control, but the failure to file a document to serve as a petition for review was not.").  Finally, the appellant's suggestion that his appeal be consolidated with a pending appeal filed by a coworker does not serve to excuse his own late filing.[2]  *Cf. Carpenter v. Department of Health & Human Services*, 40 M.S.P.R. 55, 56 (1989) (holding that the appellant's decision to await developments in another Board action did not constitute good cause for untimely filing of petition for review).

¶7      Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board concerning our lack of jurisdiction over the appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[2] The Board may consolidate appeals filed by different parties if doing so would expedite processing of the cases and would not adversely affect the interests of the parties.  5 C.F.R. § 1201.36.  Because we dismiss the appellant's petition for review as untimely filed, we find that these criteria are not met.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board


Washington, D.C.